COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


KIMBERLY JANE BURKE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0716-00-1         JUDGE WILLIAM H. HODGES
                                         MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF YORK COUNTY
                 N. Prentis Smiley, Jr., Judge

        Jeffrey W. Shaw (Dusewicz & Soberick, P.C.,
        on brief), for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Kimberly Jane Burke, appellant, appeals her conviction for

failure to appear in violation of Code § 19.2-128.  On appeal, she

argues the evidence was insufficient to prove:  (1) she was the

Kimberly Jane Burke who failed to appear in court on May 17, 1999;

and (2) she had notice of the May 17, 1999 court date.  Finding

the evidence was insufficient to prove appellant received notice

of the May 17, 1999 hearing date, we reverse her conviction.

                        BACKGROUND

     The evidence proved that a preliminary hearing for Kimberly

Jane Burke was scheduled for May 17, 1999 at 1:30 p.m.  When the

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

case was called on that date, no one appeared.  Appellant was charged with failure to appear in violation of Code § 19.2-128.

The Commonwealth introduced a copy of a York County General District Court document which stated that Kimberly Jane Burke "must be in court" on Monday, May 17, 1999 at 1:30 p.m.  The Commonwealth rested its case, and appellant presented no evidence.

### ANALYSIS

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

"Code § 19.2-128(B) requires that the Commonwealth prove [beyond a reasonable doubt] that the accused 'willfully' failed to appear at trial."  Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993).  When the Commonwealth "proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful."  Id.

The Commonwealth's evidence failed to prove that appellant received notice that she was scheduled to appear in court on May 17, 1999.  Although the Commonwealth presented evidence of a

-

York County General District Court document stating that Kimberly Jane Burke "must be in court" on Monday, May 17, 1999, the Commonwealth failed to prove that appellant received a copy of this document.  In addition, the Commonwealth's argument that it is the "practice" of the court to give the defendant the original copy of this document failed to prove that appellant actually received a copy of the document in this case. Therefore, we find the evidence was insufficient to prove beyond a reasonable doubt that appellant received notice that she was to appear in court on May 17, 1999 for the preliminary hearing and that she willfully failed to appear at the hearing. Accordingly, we reverse the conviction and dismiss the indictment.[1]

<u>Reversed and dismissed.</u>

---

[1] Because we reverse the case on this issue, we need not address the issue of whether the evidence proved beyond a reasonable doubt that appellant was the Kimberly Jane Burke who failed to appear in court on May 17, 1999.

-